1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

**CLINTON J. FORRISTER JR.,**

Petitioner,

v.

**D. PARAMO, Warden,**

Respondent.

Case No. 1:13-cv-01386 MJS (HC)

**FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)**

**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER**

17

18        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.

20        In the petition filed on August 30, 2013, Petitioner challenges his January 24,

21   2000 conviction from the Kings County Superior Court for seven counts of sex-related

22   crimes. (Pet., ECF No. 1.) Petitioner was sentenced to serve a term of imprisonment of

23   nine years, eight months on four of the counts, and an indeterminate sentence of fifteen

24   years to life on three of the counts. (Id.)

25        A review of the Court's dockets and files shows Petitioner has previously sought

26   habeas relief with respect to this conviction. In case number 1:05-cv-00170-LJO-GSA,

27   Petitioner challenged the same underlying conviction. On March 15, 2007, the petition

28

1

1  was denied as untimely.[1] See Forrister v. Woodford, E.D. Cal. Case No. 1:05-cv-00170-

2  LJO GSA, ECF No. 19.

## I.      DISCUSSION

4       A court must dismiss a second or successive petition that raises the same

5  grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also dismiss a second

6  or successive petition raising a new ground unless the petitioner can show that 1) the

7  claim rests on a new constitutional right, made retroactive by the United States Supreme

8  Court or 2) the factual basis of the claim was not previously discoverable through due

9  diligence, and these new facts establish by clear and convincing evidence that but for

10  the constitutional error, no reasonable factfinder would have found the applicant guilty of

11  the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court

12  that decides whether a second or successive petition meets these requirements; the

13  Petitioner must first file a motion with the appropriate court of appeals to be authorized to

14  file a second or successive petition with the district court.

15       Section 2244 (b)(3)(A) provides: "Before a second or successive application

16  permitted by this section is filed in the district court, the applicant shall move in the

17  appropriate court of appeals for an order authorizing the district court to consider the

18  application." In other words, Petitioner must obtain leave from the Ninth Circuit before he

19  can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S.

20  651, 656-657 (1996). This Court must dismiss any second or successive petition unless

21  the Court of Appeals has given Petitioner leave to file the petition because a district court

22  lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v.

23  Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

24       Because the current petition was filed after April 24, 1996, the provisions of the

25  Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current

26

27       [1] In McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009), the Ninth Circuit held that dismissal of a habeas petition for failure to comply with the AEDPA statute of limitations renders subsequent petitions challenging the same conviction successive.

28

1    petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997). Petitioner makes no showing that

2    he has obtained prior leave from the Ninth Circuit to file his successive petition attacking

3    the conviction. That being so, this Court has no jurisdiction to consider Petitioner's

4    renewed application for relief under Section 2254 and must dismiss the petition. <u>See</u>

5    <u>Greenawalt</u>, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for

6    writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. <u>See</u> 28

7    U.S.C. § 2244(b)(3).

8    **II.    ORDER AND RECOMMENDATION**

9         The Court ORDERS the Clerk of Court to assign a United States District Court

10   Judge to the present matter.

11        The Court RECOMMENDS that the petition for writ of habeas corpus be

12   DISMISSED as successive.

13        These findings and recommendations are submitted to the United States District

14   Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

15   (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

16   Eastern District of California. Within thirty (30) days after being served with a copy, any

17   party may file written objections with the Court and serve a copy on all parties. Such a

18   document should be captioned "Objections to Magistrate Judge's Findings and

19   Recommendations." Replies to the objections shall be served and filed within fourteen

20   (14) days (plus three days if served by mail) after service of the objections. The Court

21   will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The

22   parties are advised that failure to file objections within the specified time may waive the

23   right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

24

25

26   IT IS SO ORDERED.

27   Dated:    __September 9, 2013__        /s/ *Michael J. Seng*

28                                          UNITED STATES MAGISTRATE JUDGE

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28